■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS NUNEZ, Appellant. [7 NYS3d 116]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered November 30, 2010, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of 10 years, unanimously affirmed. Order (same court and Justice), entered on or about October 16, 2012, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that defendant participated in a drug transaction by acting as a steerer and salesperson.

The evidence at the *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom during the undercover officers' testimony (*see Waller v Georgia*, 467 US 39 [1984]), and the closure order did not violate defendant's right to a public trial. Furthermore, the court implicitly or explicitly considered alternatives to full closure (*see Presley v Georgia*, 558 US 209 [2010]; *People v Echevarria*, 21 NY3d 1, 14-19 [2013], *cert denied* 571 US —, 134 S Ct 823 [2013]). There is no merit to defendant's assertion that the court failed to consider his proposal that a court officer ask entrants to the courtroom for their identities and reasons for entering. Immediately after defendant made this suggestion, the court made a statement that can fairly be read as finding

the suggestion impracticable, given the realities of a calendar laden with drug cases and the resultant frequent presence of persons charged with drug trafficking. Such realities have been cited by courts in granting closure (*see People v Pepe*, 235 AD2d 221 [1st Dept 1997], *lv denied* 89 NY2d 1039 [1997]; *People v Gross*, 179 AD2d 138, 142 [1st Dept 1992], *lv denied* 80 NY2d 832 [1992]).

Defendant's motion to vacate the judgment raises issues concerning the felony complaint, indictment and grand jury proceedings. Those claims are procedurally barred (*see* CPL 440.10 [2] [b]), as well as being without merit.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's pro se arguments. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.